**GUANG FENG YE, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales, Attorney General, Respondent.**

No. 05–4040–AG.

United States Court of Appeals, Second Circuit.

Jan. 25, 2007.

David X. Feng, New York, NY, for Petitioner.

Terri J. Abernathy, Assistant United States Attorney, for David C. Iglesias, United States Attorney for the District of New Mexico, Las Cruces, NM, for Respondent.

Present ROBERT A. KATZMANN, PETER W. HALL, Circuit Judges, DAVID G. TRAGER,* District Judge.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the

---

\* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Guang Feng Ye, a native and citizen of Fujian Province in the People's Republic of China, seeks review of a July 8, 2005 order of the BIA affirming the March 25, 2004 decision of Immigration Judge ("IJ") William F. Jankun denying his applications for asylum, withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture ("CAT"). *In re Guang Feng Ye*, No. A96 190 558 (B.I.A. July 8, 2005), *aff'g* No. A96 190 558 (Immig. Ct. N.Y. City Mar. 25, 2004). We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Administrative findings of fact in immigration cases are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "[W]e defer to the factual findings of the BIA and the IJ if they are supported by substantial evidence." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). "In cases like this one, in which the IJ bases [his] denial of [relief] on a finding that a petitioner's application is not credible, our review is especially limited and highly deferential." *Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 156 (2d Cir.2006) (internal quotation marks omitted).

The IJ's adverse credibility determination is supported by substantial evidence. The IJ's conclusion that Ye's testimony regarding his altercation with the family planning official was internally inconsistent and incredible on its face was supported by the record and we cannot "conclude that a reasonable adjudicator [would be] compelled to find otherwise." *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir.2006) (internal quotation marks omitted). The IJ also found that Ye's testimony that only one of the official's eyes was bleeding was inconsistent with the statement in his asylum application that both eyes were injured and bleeding. Ye was provided with an opportunity to explain this inconsistency, and the IJ could reasonably reject this explanation. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005) (noting that an IJ is not required to credit an applicant's explanation of an inconsistency). Similarly, the IJ could reasonably conclude that Ye was inconsistent regarding whether certain events transpired at his home or his mother's home and reject Ye's proffered explanation for the discrepancy.

Together, these inconsistencies constitute substantial evidence to support the IJ's adverse credibility determination. While other grounds relied upon by the IJ are flawed, these "error-free grounds ... provide substantial evidence to support the IJ's adverse credibility determination, and, despite the IJ's errors, we can state with confidence that the IJ would adhere to [her] decision were the petition remanded." *Singh v. BIA*, 438 F.3d 145, 149 (2d Cir.2006).

The IJ's determination that Ye, due to his incredible testimony, failed to carry his burden in establishing his eligibility for asylum is supported by substantial evidence. Moreover, because Ye's claims for withholding of removal under the INA and the CAT are based on the same factual basis as his asylum claim, they were properly denied given the adverse credibility determination relating to the asylum application. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006); *Xue Hong Yang*

*v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

The petition for review is **DENIED.**